**U.S. Department of Justice**

United States Attorney
District of Connecticut

*United States District Court*
*District of Connecticut*
*FILED AT HARTFORD*
*December 20, 2010*
*Roberta D. Tabora, Clerk*
*By: S.A. Smith, Deputy Clerk*

*Connecticut Financial Center*     *(203)821-3700*
*157 Church Street, 23rd Floor*     *Fax (203) 773-5376*
*New Haven, Connecticut 06510*     *www.justice.gov/usao/ct*

December 20, 2010

Sarah A.L. Merriam, Esq.
Assistant Federal Defender
Federal Public Defender's Office
265 Church St., Suite 702
New Haven, CT 06510

         Re:     **United States v. Pierre Armand**
                   **Criminal No. 3:10 CR 245 (AWT)**

Dear Ms. Merriam:

      This letter confirms the plea agreement between your client, Pierre Armand (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government" or "this Office") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

      The defendant agrees to waive his right to be indicted and to plead guilty to an Information charging one count of wire fraud in violation of 18 U.S.C. § 1343.

      To be guilty of wire fraud (Count One), the following essential elements must be satisfied:

      1. There was a scheme or artifice to defraud or obtain money or property by materially false and fraudulent pretenses, representations or promises, as alleged in the Information;

      2. The defendant knowingly and willfully participated in the scheme or artifice to defraud with knowledge of its fraudulent nature and with the specific intent to defraud;

      3. In the execution of that scheme, the defendant used or caused the use of the interstate wires as specified in the Information.

## THE PENALTIES

This offense carries a maximum penalty of 20 years imprisonment and a fine of twice the Guidelines loss. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than five years to begin at the expiration of any term of imprisonment. The defendant understands that, should he violate any condition of the supervised release, he may be required to serve a further term of imprisonment of up to three years with no credit for time already spent on supervised release

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $250,000; or (4) the amount specified in the section defining the offense.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on the count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

## RESTITUTION

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless ordered otherwise by the Court. The defendant agrees to a restitution order in favor of victims identified at sentencing in the amounts determined by the Court at sentencing to be the relevant Guidelines loss.

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on

the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, the Government intends to file a motion with the Court pursuant to § 3E1.1(b) recommending that the Court reduce defendant's adjusted offense level by one additional level based on the defendant's prompt notification of his intention to enter a plea of guilty.

The above-listed recommendations are conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition through the submission of a complete and truthful financial statement. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The Government will not make the recommendations if the defendant engages in any acts which, in the Government's view, (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make the recommendations if the defendant seeks to withdraw his plea of guilty or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations.

Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation, which is attached to and made a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

Guideline Stipulation

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. § 2B1.1 is 7, as the offense of conviction has a statutory maximum term of imprisonment of 20 years or more. The parties agree that the base offense level is increased by 12 levels under 2B1.1(b)(1)(G). The parties agree that no other adjustments would apply. Neither party will seek any adjustment not set forth

herein. Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 16.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 16, assuming a Criminal History Category I, results in a Guidelines sentencing range of 21-27 months imprisonment (sentencing table) and a fine range of $5,000 to $50,000. U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of 3 to 5 years. U.S.S.G. § 5D1.2.

The parties reserve their respective rights to argue for departures and a non-Guidelines sentence.

The defendant expressly understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties expressly reserve their rights to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The defendant agrees not to appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence imposed by the Court if that sentence is within or below the Guidelines Range imprisonment, fine and supervised release set forth in the Guideline Stipulation above, even if the Court imposes such a sentence based on an analysis different from that specified above. Similarly, the Government agrees not to appeal any sentence within or above the sentencing range identified in Guidelines Stipulation above. The Government and the defendant agree not to appeal or collaterally attack the Court's imposition of a sentence of imprisonment concurrently or consecutively, in whole or in part, with any other sentence. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) this waiver.

Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the Information before an indictment could be returned. The defendant acknowledges that he is knowingly and intelligently waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses

*Sarah A.L. Merriam, Esq.*
*December 20, 2010*
*Page 6*

based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver in Right of Immigration Status

The defendant understands that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

The defendant understands that he is bound by his guilty plea regardless of the immigration consequences of the plea and regardless of any advice the defendant has received from his counsel or others regarding those consequences. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on those consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction or sentence, based on the immigration consequences of his guilty plea, conviction and sentence.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity

*Sarah A.L. Merriam, Esq.*
*December 20, 2010*
*Page 7*

involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of conduct which forms the basis of the Information in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his plea of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DAVID B. FEIN
UNITED STATES ATTORNEY

CHRISTOPHER W. SCHMEISSER
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____      Dec. 20th 2010
Pierre C. Armand                                Date

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____      12/20/2010
Sarah A.L. Merriam, Esq.                       Date
Attorney for the Defendant

*Sarah A.L. Merriam, Esq.*
*December 20, 2010*
*Page 9*

## STIPULATION OF OFFENSE CONDUCT

The defendant Pierre Armand and the Government stipulate to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the Information:

At all time relevant to this Information, defendant PIERRE C. ARMAND (hereinafter ARMAND) worked and resided in Connecticut. On or about February 5, 2003, ARMAND established United World Holding Company, LLC ("World Holding"), a licensed domestic limited liability company in the State of Connecticut.

On April 22, 2003, ARMAND opened a bank account on behalf of World Holding at Wachovia Bank d/b/a First Union National Bank in Stamford, Connecticut. ARMAND was the only signatory on the account and the only individual with access to the account. Subsequently, after Wachovia closed the World Holding account in or about January 2005, ARMAND opened a personal bank account at Bank of America.

From in or about September 2003 through in or about July 2009, in the District of Connecticut and elsewhere, PIERRE ARMAND knowingly, willfully and with intent to defraud devised and intended to devise a scheme and artifice to defraud others and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, which scheme and artifice is in substance set forth below.

ARMAND made specific oral and written material misrepresentations as to how he would invest monies that were provided to him by investors, frequently representing that the funds were to be used by World Holding for: (i) the construction of a building project near Dulles International Airport in Virginia and for identified costs relating to that project; (ii) the specific purchase of identified buildings in Connecticut; and (iii) investment in other specified projects in Connecticut or elsewhere. In fact, as ARMAND well knew, a material portion of the invested funds were used soon after they were first received for purposes other than as expressly represented, including, among other things, payments: (i) to the Alliance for the Progress of Haiti; (ii) for travel to Haiti; (iii) to previous investors; (iv) to family members; (v) for other projects; and (vi) to ARMAND.

ARMAND would represent that funds might not be repaid in full for as many as five years. ARMAND continued to solicit funds until approximately mid-April 2006. ARMAND did not inform the investors of the true use of a material portion of the invested monies and instead made material misrepresentations that the monies had been invested, as falsely represented, and that any delays were a result of the functioning of the business. ARMAND continued to represent to investors until as late as July 2009 that funds would be forthcoming.

### The Execution of the Scheme and Artifice to Defraud

In furtherance of the scheme, on January 6, 2006, ARMAND caused an investor to send wiring instructions by facsimile from Connecticut to her brokerage account in New York

*Sarah A.L. Merriam, Esq.*
*December 20, 2010*
*Page 10*

requesting that monies be wired from her investment account to a personal bank account held by ARMAND.

The written stipulation above is incorporated into the preceding plea agreement. The defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

_____
Pierre C. Armand
The Defendant

_____
Christopher W. Schmeisser
Assistant United States Attorney

_____
Sarah A.L. Merriam, Esq.
Attorney for the Defendant

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A. The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

  A. Return the property to the owner of the property or someone designated by the owner; or

  B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

    The greater of -
    (I) the value of the property on the date of the damage, loss, or destruction; or

    (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

  A. pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

  B. pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

  C. reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

    The order of restitution has the effect of a civil judgment against the defendant. In addition to the court-ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. See 18 U.S.C. §§ 3614; 3613A. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.